UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

ARLINDO DA SILVA, et ano,

                              Plaintiffs,

                              ORDER

       - against -

                              CV 2005-2989 (ARR)(MDG)

BENNET STREET DEVELOPMENT CORP., et
ano,

                              Defendants.

- - - - - - - - - - - - - - - - - - -X

    Plaintiffs have filed returns of service with respect to the corporate defendant Bennet Street Development Corp. ("Bennet Street") and individual defendant William Radu, an officer. Ct. doc. 4. The returns indicate that after making several attempts to serve Radu and the corporate defendant personally on June 27 and June 28, 2005 at various times throughout the day, the process server affixed two copies of the summons and complaint to the front door of Radu's residence and separately mailed extra copies to both defendants at the same address. Ct. doc. 4.

    While substitute service is permitted under New York law as to individuals, see N.Y. C.P.L.R. § 308(4),[1] substitute service on an individual defendant who is an officer of a defendant corporation is insufficient to effectuate service on the corporation. See, e.g., Raschel v. Rish, 502 N.Y.S.2d 852, 853, 120 A.D.2d 945 (4th Dept.); aff'd en banc, 69 N.Y.2d 694, 512 N.Y.S.2d 22 (1986) (personal jurisdiction does not extend to both

---

[1] Section 308(4) is a substitute method of service that is to be employed only after exercising due diligence to serve the defendant personally or by personal delivery. C.P.L.R. § 308(4); CSC Holdings, Inc. v. Fung, 349 F. Supp. 2d 613, 616 (E.D.N.Y. 2004).

individual and corporation when individual served by substituted service).  A corporation must be personally served pursuant to C.P.L.R. § 311(1).  C.P.L.R. § 311(1); Perez v. Garcia, No. 22102/2004, 2005 WL 1397438, at **2 (Sup. Ct. Bronx County, May 23, 2005) ("The service envisioned under C.P.L.R. § 311(1) upon a corporate officer is in-hand service upon the specified officer"); Lakeside Concrete Corp. v. Pine Hollow Building Corp., 479 N.Y.S.2d 256, 104 A.D.2d 551, 551-52 (2d Dept. 1984), aff'd, 493 N.Y.S.2d 309, 65 N.Y.2d 865 (1985) (same).

Plaintiffs are directed to complete service in accordance with Rule 4(h) and electronically file appropriate returns of service by October 28, 2005.  The plaintiffs are reminded that Rule 4(m) of the Federal Rules provides that this Court may sua sponte dismiss an action without prejudice for failure to effectuate timely service.

SO ORDERED.

Dated:   Brooklyn, New York
         September 28, 2005

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE